UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAKIM PAULIN,

                              Petitioner,

     -against-                                          14-cv-10128 (NSR)(PED)

                                                        OPINION & ORDER

WILLIAM GRADY, et al.,

                              Respondents.

NELSON S. ROMÁN, United States District Judge

     Rakim Paulin ("Petitioner"), proceeding *pro se*, seeks a writ of habeas corpus under 28

U.S.C. § 2254. Following a jury trial, Petitioner was found guilty, convicted of thirteen narcotics

offenses, and sentenced to 24 years imprisonment.[1] Now pending before the Court is a Report

and Recommendation ("R&R") issued by Magistrate Judge Paul E. Davison, pursuant to 28

U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), recommending that the petition be

denied without prejudice. Petitioner filed timely objections to the R&R. While the instant

petition was still pending before this Court, Petitioner's appeal was heard and the Appellate

Division, Second Department, reversed Petitioner's conviction and ordered a new trial. For the

following reasons, this Court adopts the R&R to the extent set forth below, and the petition is

DENIED without prejudice.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/24/16
```

---

[1] On June 29, 2011, Petitioner was convicted of five counts of criminal sale of a controlled substance, seven counts of criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fifth degree. *People v. Paulin*, 33 N.Y.S.3d 459, 460-61 (2d Dep't 2016).

I.      **BACKGROUND**[2]

On April 11, 2011, Petitioner was convicted of 13 felony narcotics offenses after a jury

trial in Dutchess County Supreme Court (Greller, J.). (R&R at 3, ECF No. 38.) On July 29, 2011,

Petitioner was sentenced to terms of imprisonment amounting to 24 years and five years post-

release supervision.[3] (*Id.*)

On July 8, 2011, Petitioner filed a notice of appeal with the Appellate Division, Second

Department ("Appellate Division"). (*Id.*) By Order dated September 23, 2011, the Appellate

Division: (1) granted Petitioner leave to proceed *in forma pauperis* and appointed Terry D.

Horner, Esq. ("Mr. Horner") to represent Petitioner on appeal; and (2) directed the court

stenographer to promptly prepare and circulate transcripts for purposes of the appeal. (*Id.*) In

October 2011, certain pretrial hearing transcripts were provided to Mr. Horner, and on August

17, 2012, Mr. Horner received the trial transcripts. (*Id.*)

During the three and a half years since October 6, 2011, Mr. Horner replied to at least 28

letters from Petitioner, responding to Petitioners questions about the status of the appeal,

addressing legal issues presented by Petitioner, and acknowledging the receipt of Petitioner's

documents. (*Id.*) In his June 25, 2014 letter to Petitioner, Mr. Horner described Petitioner's

letters as "prolix papers" and indicated to Petitioner that they "[took him] away from [his] main

task, which [was] to continue reading his trial transcript." (*Id.* at 3.)

On December 8, 2014, about three years and five months after Petitioner filed his Notice

of Appeal and over two years after Mr. Horner received all the trial transcripts, his appeal still

---

[2] Unless otherwise noted, background information is taken from Magistrate Judge Davison's R&R, which is "gleaned from the petition [Dkt. 1] and from Respondent's Affidavit of Bridget Rahilly Stellar and its attachments [Dkt. 17]." (ECF No. 38.)

[3] The Second Department thereafter found that the terms of Petitioner's post-release supervision were illegal. *People v. Paulin*, 33 N.Y.S.3d 459, 463 (2d Dep't 2016).

remained unperfected. Petitioner thus filed the instant petition, asserting that his appeal has been unconstitutionally delayed and seeking "unconditional release . . . from state custody" due to the "inordinate, excessive[,] and unconstitutional delay." (*Id.*)

Thereafter, on or about July 17, 2015, Mr. Horner completed and served his brief to the Appellate Division, and on or about October 6, 2015, the State served and filed a responsive brief. (*Id.*) On October 27, 2015, the Appellate Division granted Petitioner's request for leave to file a supplemental *pro se* brief, and Petitioner reported that he served and filed his supplemental *pro se* brief on December 1, 2015. (*Id.*)

While the appeal was pending, on December 22, 2015, Magistrate Judge Davison responded to Petitioner's habeas corpus petition, recommending that this Court dismiss the petition without prejudice. (R&R at 10-11.) Petitioner served and filed his objections to the R&R on December 27, 2015. (ECF No. 38.)

By letter, dated June 30, 2016, Petitioner notified this Court that his conviction was reversed on June 15, 2016 and that the Appellate Division ordered a new trial. (ECF No. 44.)

## II.     STANDARDS OF REVIEW

### A.  *Habeas Petition Reviewing a State Court Decision*

When a claim has been adjudicated on the merits in a state court proceeding, a prisoner seeking habeas relief must establish that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *Chrysler v. Guiney*, 806 F.3d 104, 116-17 (2d Cir. 2015). The exhaustion rule of § 2254(b)(1)(A) enforces the principles of federal-state comity and "bars the federal court from granting relief under § 2254 from a state court conviction until the petitioner has utilized every opportunity offered to him in state procedure to

3

obtain the same relief from the state courts." *DiSimone v. Phillips*, 518 F.3d 124, 127 (2d Cir. 2008). However, where "a habeas claim is based upon allegedly unconstitutional delay in the state appellate process, and a prisoner's requests to the state court and state-appointed counsel have been to no avail," the Second Circuit has held "that the state provides no effective remedy and, consequently, exhaustion is not required." *Geames v. Henderson*, 725 F. Supp. 681, 684 (E.D.N.Y. 1989) (citing *Brooks v. Jones*, 875 F.2d 30, 31 (2d Cir. 1989)).

"Generally, a habeas petitioner's release from prison does not render that party's habeas corpus petition moot because § 2254 requires only that the petitioner be 'in custody' at the time the petition is filed." *Geraci v. Sheriff, Schoharie Cty. Jail*, No. 99 Civ. 0405 (GLS), 2004 WL 437466, at *1 (N.D.N.Y. Feb. 20, 2004). Furthermore, even when an appeal has been decided while a petition for habeas corpus is pending in federal court, the petitioner's remedy is still available. *Cody v. Henderson*, 936 F.2d 715, 718-719 (2d Cir. 1991) ("Even when the habeas petitioner seeks release from custody based on delay . . . and his conviction is thereafter affirmed by the state appellate court, the affirmance does not by itself moot the habeas petition because undue appellate delay raises a legitimate due process claim."). *But see Hayes v. Evans*, 70 F.3d 85, 86 (10th Cir. 1995) (where a habeas petition, *filed while the petitioner's state appeal was pending*, was rendered moot after the petitioner's conviction was reversed and a new trial ordered, notwithstanding his contention that the appellate delay prejudiced his defense on retrial, because a reversal and new trial was the most relief the court could grant the petitioner and the petitioner had to exhaust state remedies and file a new petition in order to challenge the retrial and reconviction).

### B. Magistrate Judge's Report and Recommendation

A magistrate judge may "hear a pretrial matter [that is] dispositive of a claim or defense" if so designated by a district court. Fed. R. Civ. P. 72(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). When reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court may also "adopt those portions of the [R&R] to which no objections have been made and which are not facially erroneous." *West v. Sheahan*, No. 12 Civ. 08270, 2016 WL 67789 (S.D.N.Y. Jan. 4, 2016) (quoting *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 170 (S.D.N.Y. 2003)).

When a specific objection is made, the court must review the contested sections *de novo*. *Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). The objection must be "specific and clearly aimed at particular findings" in the R&R. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). Otherwise, the court will review the R&R strictly for clear error "when a party makes only conclusory or general objections, or simply reiterates the original arguments." *Pena v. Rivera*, No. 05 Civ. 3109 (LTS) (FM), 2006 WL 2529771, at *1 (S.D.N.Y. Aug. 31, 2006).

Finally, when a petitioner is *pro se*, the court will read his or her "supporting papers liberally" and "interpret them to raise the strongest arguments that they suggest." *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). Nevertheless, a *pro se* petitioner's objections must be "specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second

bite at the apple' by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023 (LTS) (JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008).

## III.   HABEAS PETITION AND R&R FINDINGS

As an initial matter, this Court agrees that because Petitioner's habeas claim is based on unconstitutional delay in the appellate process, he is not required to exhaust his state remedies. When determining whether a delay excuses the exhaustion of state court remedies, courts balance four factors: (1) the length of the delay; (2) the reason for the delay; (3) the petitioner's responsibility to assert his or her right to a speedy trial; and (4) prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530-37 (1972); *Vasquez v. Reynolds*, No. 00 Civ. 0862 (RMB) (KNF), 2002 WL 417183, at *6 (S.D.N.Y. Mar. 18, 2002), *aff'd*, 58 F. App'x 533 (2d Cir. 2003) (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)). As noted in the R&R, "[t]he length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Barker,* 407 U.S. at 530. Moreover, "[t]he doctrine of exhaustion of remedies does not require a petitioner to wait. . . three or four years before enlisting federal aid to expedite an appeal." *Simmons v. Reynolds*, 898 F.2d 865, 870 (2d Cir. 1990). The Court agrees that "petitioner's claim easily clears the threshold contemplated by the Court of Appeals' observation in *Simmons* that a petitioner need not wait 'three or four years before enlisting federal aid to expedite an appeal.'" 898 F.2d at 870. (R&R at 6.)

Petitioner's habeas petition alleges a due process violation on the basis that his appeal has been unconstitutionally delayed. (*See* ECF No. 1 at 2-3.) The *Barker* factors are additionally used to determine whether delay in appellate review has violated a petitioner's constitutional rights (i.e. whether a petitioner has suffered a due process violation). After analyzing the *Barker*

factors, the R&R recommends that the petition be denied without prejudice for the following

reasons: (1) although Petitioner cleared the "three or four year" threshold for excessive appellate

delay established in *Simmons*, the *Barker* factors do not establish a due process violation in this

case; and (2) even if the first three *Barker* factors do weigh in Petitioner's favor, Petitioner did

not make the requisite showing of prejudice to warrant the grant of an unconditional writ—the

only relief Petitioner seeks. (*See* ECF No. 38.)

## IV.    DISCUSSION OF PETITIONER'S OBJECTIONS

Generally, under 28 U.S.C. § 636(b)(1), when written objections to a magistrate's report

and recommendation are timely filed, the district court judge will make a *de novo* review "of

those portions of the report or specified proposed findings or recommendations to which

objection is made." 28 U.S.C. § 636(b)(1). However, "objections that are merely perfunctory

responses argued in an attempt to engage the district court in rehashing of the same arguments

set forth in the original petition will not suffice to invoke *de novo* review of the magistrate's

recommendations." *Vega v. Artuz*, No. 97 Civ. 377 (LTS) (JCF), 2002 WL 31174466, at *1

(S.D.N.Y. Sept. 30, 2002) (citing *Vargas v. Keane*, No. 93 Civ. 7852 (MBM), 1994 WL 693885,

at *1-2 (S.D.N.Y. Dec. 12, 1994); *Murphy v. Grabo*, No. 94 Civ. 1684 (RSP), 1998 WL 166840,

at *1 (N.D.N.Y. Apr. 9, 1998). Finally, general or conclusory objections are reviewed strictly for

clear error. *See Harris v. Burge*, No. 04 Civ. 5066 (HB) (FM), 2008 WL 772568, at *6 (S.D.N.Y.

2008).

Petitioner appears to object to the R&R on the following grounds: (1) the R&R failed to

acknowledge the absence of available state corrective procedures under 28 U.S.C. § 2254(b) and

overlooked that Petitioner also attributed his delay to the Appellate Division; (2) the R&R

improperly evaluated his petition because Magistrate Judge Davison did not obtain Petitioner's

transcript and briefs for consideration; (3) the R&R improperly considered his petition because the documents he uses to support the petition establish substantial prejudice to his appeal, and his appeal was still unperfected without a date set for the appeal; (4) Magistrate Judge Davison commits error when he considers whether the delay has been a "substantial fraction" of the petitioner's prison sentence; (5) the use of *Swain v. Murphy*, No. 08 Civ. 1394, 2010 WL 1279051 (D. Conn. Mar. 26, 2010), cited in the R&R, is irrelevant; (6) Petitioner has suffered a due process delay, has been prejudiced, is still in custody, and does not need to exhaust state court remedies because there has been an excessive delay; (7) Petitioner's defense will be impaired upon a retrial since he was arrested over six years ago; and (8) the R&R overlooked that his direct appeal has not been actively managed and that there will still be a delay in hearing the appeal. (*See* ECF No. 40 at 1-6.) Petitioner also repeated his request for an unconditional writ and requested that this Court reconsider its dismissal of Petitioner's claim of delay regarding his § 440.10 motion. (*See* ECF No. 9.)

The Court need not discuss many of Petitioner's objections. Specifically, Petitioner's first and sixth objections need not be addressed because the R&R found, and this Court agreed, that there is an absence of state corrective procedures as a result of the delay in perfecting Petitioner's appeal, which excuses the requirement that Petitioner exhaust his state remedies. Petitioner's third and eighth objections are moot as Petitioner's appeal has been perfected and decided. Finally, Petitioner's second objection is merely conclusory and does not address the analysis in the R&R. In any event, Petitioner does not provide support for this allegation, and the Court has not been able to find a case, nor does Petitioner cite to one, that stands for the proposition that a Magistrate Judge, in granting or denying a petitioner's writ for habeas corpus based on appellate delay, must, in fact, obtain a petitioner's transcripts and briefs in order to properly evaluate a

petitioner's application. The Court will address the remaining objections and review the contested sections of the R&R *de novo*.

### A.   *"Substantial fraction" of the Petitioner's Prison Sentence*

Petitioner's fourth objection contends that the R&R incorrectly considers whether the delay was a "substantial fraction" of Petitioner's prison sentence. When determining whether an appellate delay is excessive, courts have considered the length of the delay within the scope of the prisoner's entire sentence. *Richard-Antonio v. O'Meara*, No. 12-CV-05174 LAK SN, 2013 WL 5019395, at *9 (S.D.N.Y. May 21, 2013) (finding that an appellate delay "of more than three (and likely four) years" and given the petitioner's three and a half to seven year sentence is "certainly on the cusp of" finding that the petitioner's due process rights were violated); *Brown v. Costello*. 2004 U.S. Dist LEXIS 16159, *6, 7 (S.D.N.Y. 2004) (six year delay excessive where petitioner serving four and one-half to nine year sentence). However, courts that take the petitioner's sentence into account when determining whether an appellate delay was excessive should proceed with caution, because adopting a rule that delay is excessive when it is a substantial fraction of the petitioner's sentence "would discourage the prompt disposition of appeals for prisoners with longer sentences." *Wheeler v. Kelly*, 639 F. Supp. 1374, 1379 (E.D.N.Y. 1986), *aff'd*, 811 F.2d 133 (2d Cir. 1987). *See also McCleskey v. Zant*, 499 U.S. 467, 519 (1991) ("The threat of habeas serves as a necessary additional incentive for . . . appellate courts throughout the land to conduct their proceedings in a manner consistent with established constitutional standards."); *Wheeler*, 639 F. Supp. at 1379 ("Although the length of a factor in determining whether post-conviction delay is excessive . . . the excessiveness of delay should not hinge largely on a prisoner's sentence, particularly when the delay is not caused by the inmate," and "timely advocacy and effective calendar control benefits all defendants, regardless of the

length of sentence or type of custody."). Furthermore, the courts in this district have "previously rejected any notion that when the delay in deciding the direct appeal exceeds some fixed percentage of the sentence, it is per se excessive." *Geames*, 725 F. Supp. at 685 (citing *Wheeler*, 639 F. Supp. at 1379). Thus, it should not necessarily follow that where the delay does *not* exceed a fixed percentage of the sentence and is therefore *not* a substantial fraction of the prisoner's total sentence, then the delay does not meet the threshold factor in the *Barker* analysis. Accordingly, the Court disagrees with the R&R's analysis of the first *Barker* factor and finds that it weighs in favor of Petitioner.

B. *The* Swain *case*

Petitioner argues that the R&R's use of *Swain v. Murphy*, No. 08 Civ. 1394, 2010 WL 1279051 (D. Conn. Mar. 26, 2010) is improper as the case is unrelated to Petitioner's case. The R&R cites *Swain* for the proposition that "[w]hen a previously-stalled state . . . proceeding has come to life . . . , it is appropriate for a federal court to give the state appellate courts an opportunity to hear the claims in the first instance." (ECF No. 38 at 10, n.7.) Because the underlying appeal appeared to be back on track, after finding that an unconditional writ was not warranted and when determining whether a conditional writ could be issued, Magistrate Judge Davison found that "[c]onsiderations of federal-state comity counsel against a conditional writ." *Id.* Thus, the use of *Swain* in the R&R's analysis was proper and relevant. This point is further reinforced by the fact that Petitioner's appeal has now been decided.

C. *Prejudice to Petitioner*

Petitioner argues that the R&R incorrectly determined that he has not made a showing of the necessary prejudice because Petitioner's defense will be impaired upon a retrial due to the

delay.[4] In the instant case, Petitioner has not made the necessary showing for prejudice to his retrial. *See Richard-Antonio v. O'Meara*, No. 12 Civ. 05174 (LAK) (SN), 2013 WL 5019395, at *9 (May 21, 2013) (holding that absent any showing of specific allegations or evidence, prejudice could not be assumed on the basis of delay alone and that, therefore, the petitioner did not demonstrate "the prejudice he must in order to justify the extraordinary remedy of unconditional release"). Although there is an "inherent impairment of a defense upon retrial caused by the passage of time, namely the loss of memory by witnesses and the staling of evidence," *Richard-Antonio*, 2013 WL 5019395, at *9, "absent any showing that these issues are present, [a court] cannot assume prejudice on the basis of delay alone[,]" and, therefore, the petitioner cannot justify the "extraordinary remedy of unconditional release" because he has not demonstrated the necessary prejudice. *Id*; *Collins v. Rivera*, No. 99 Civ. 0490 (H), 1999 WL 1390244, at *5-6 (W.D.N.Y. Dec. 2, 1999) (finding that although the appellate delay, spanning a significant portion of petitioner's sentence, "may result in some impairment of [the petitioner's] ability to present a defense at any retrial, on balance, while the prejudice to the petition is appreciable, it is too speculative to be considered substantial"); *Cameron v. LeFevre*, 887 F. Supp. 425, 433-34 (E.D.N.Y. 1995) (finding that although the petitioner specifically alleged that he was unable to locate his only defense witness, it was uncertain whether the witness would be unavailable at any possible retrial and was "purely speculative whether the loss of the witness was in fact caused by the delay in the perfection of the appeal").

In his objections, Petitioner simply asserts that his defense upon a retrial would be impaired by the passing of six years since he was first arrested. (ECF No. 44 at 4-5.) Petitioner

---

[4] Generally, the prejudice factor considers any prejudice to the appeal caused by the delay. In the instant case, Petitioner's appeal has been heard, and he has been granted a retrial on the grounds that his counsel provided ineffective assistance. Therefore, the prejudice, if any, would result to Petitioner's retrial, rather than his appeal.

fails to allege with any specificity the loss of memory of a witness or death of a witness. (*See id.*) With regards to the testimony of Detective Sassi, the R&R correctly found that Petitioner has not established prejudice to his appeal by pointing to the potential impeachment of Detective Sassi— a police officer who "served as a case agent in the investigation of [P]etitioner and who testified against him at trial." (R&R at 9.) After Petitioner's trial, Sassi was convicted of a misdemeanor for falsely reporting a crime, which was then overturned on appeal. (*Id.*) Petitioner thus argues that "the passage of time has weakened [his] position at a retrial because Sassi could have been impeached more effectively in 2013, after he was convicted but before his conviction was reversed." (*Id.*) Assuming the "Sassi episode" had the potential to discredit Sassi's testimony in Petitioner's retrial, Detective Sassi has been reconvicted of the misdemeanor this year and therefore can be equally impeached upon retrial, eliminating any prejudice to Petitioner. (*See* ECF No. 44 at 11.)

Secondly, Petitioner's generalized complaint that the passage of time will make it harder for him to "refresh the memories of witnesses" does not establish prejudice to his retrial. The Second Circuit has "generally required a showing of some significant trial-related disadvantage in order to establish a speedy-trial violation." *United States v. Cain*, 671 F.3d 271, 297 (2d Cir. 2012). In *Cain*, the Petitioner asserted that the delay "impaired his defense by creating 'the risk of affected memories, witness [un]availability, and loss or destruction of potentially exculpatory evidence.'" *Id.* The Second Circuit rejected this presentation as an insufficient showing of prejudice because petitioner had not "identified any lost witnesses or evidence." *Id.* Here, Petitioner has similarly not identified any specific witnesses that have disappeared or shown that the memory of a specific witness has diminished in any way. Petitioner's allegations are purely speculative and unspecific, and it is therefore uncertain what witnesses, if any, would be

unavailable and would therefore prejudice Petitioner's retrial. In the absence of this support, the Court cannot assume prejudice merely from the delay itself.

*         *         *

Therefore, after a review of Petitioner's objections, the Court agrees with the R&R that the *Barker* factors weigh against a finding of a due process violation. Although this Court believes the delay was excessive and Petitioner adequately asserted his rights, the delay was partially caused by his own actions,[5] and, most importantly, Petitioner has not established any prejudice as a result of the delay. Accordingly, Plaintiff is not entitled to an unconditional writ, and even if the Court were to disagree with the R&R—which it does not—a conditional writ would be mooted by the decision of the Appellate Division to overturn Plaintiff's conviction. The granting of an unconditional and immediate release is only given in rare cases.[6] *Garcia*, 459 F. Supp. 2d at 293 (citing *Morales*, 165 F. Supp. 2d at 608) ("Such a remedy is warranted when the constitutional violation is so egregious, its consequences so grave, and the unlawful restraints already imposed on the petitioner's liberty so lengthy or severe that law and justice mandate unconditional discharge.") (internal citations omitted). The extreme remedy of an unconditional writ is "typically reserved for cases where the fact of prosecution itself was unlawful . . . or where a conditional writ was granted but the state failed to correct the constitutional error within

---

[5] With regards to the cause of the delay, the Court largely agrees with Magistrate Judge Davison's analysis. However, the Court notes the importance of a Petitioner to be able to request updates from his counsel and urge his counsel to proceed. Therefore, the Court is reluctant to attribute the delay to Petitioner's letter-writing, as a petitioner has the right to demand timely and adequate representation. Nevertheless, the significant number of letters combined with Petitioner's filing of a *pro se* brief added to his delay.

[6] In *Garcia*, the petitioner argued that because he had been imprisoned for over fifteen years and served nearly two-thirds of his minimum sentence, he should be released immediately. The Court did not grant the petitioner an unconditional writ and bar retrial because, among other things, it found that even fifteen years later, the petitioner's case was not severely prejudiced by the passage of time because none of his alibi witnesses were dead or unavailable, and the credibility of petitioner's documentary evidence was not diminished. *Garcia*, 459 F. Supp. 2d at 295. However, the court granted the petitioner's writ conditionally, holding that it would be issued unless the petitioner was "brought promptly to trial anew" and retried within 60 days. *Id.*

13

a reasonable period of time." *Garcia*, 459 F. Supp. 2d at 294 (citing *Morales*, 165 F. Supp. 2d at 609). As Plaintiff has not established any prejudice to his retrial and the state has now corrected any constitutional error that may have existed, such an extreme remedy is inappropriate.

Moreover, although "[a] court's broad authority to fashion a remedy includes the authority to bar retrial[,] [s]uch an extreme remedy is typically reserved for cases where the fact of prosecution itself was unlawful, such as in the double jeopardy and *ex post facto* contexts, or where a conditional writ was granted but the state failed to correct the constitutional error within a reasonable period of time." *Garcia v. Portuondo*, 459 F. Supp. 2d 267, 294 (S.D.N.Y. 2006). As in *Garcia*, "[t]his is not a case in which barring retrial would be appropriate." *Id.* at 295. Petitioner's conviction was overturned due to a constitutional violation of his right to counsel; however, nothing in the petition or Petitioner's objections undermines the evidence sustaining Petitioner's conviction. *See Cody*, 936 F.2d at 722 ("The mere fact of delay in the appellate process is not sufficient by itself to defeat the 'prior determination of guilt.'").

Accordingly, this Court agrees with the R&R's finding that the petition should be dismissed without prejudice.[7] *See Roberites v. Colly*, 546 F. App'x 17, 21 (2d Cir. 2013) (holding that even where "the first three *Barker* factors weigh in favor of finding a due process violation, but a petitioner has failed to demonstrate any substantial prejudice" to his appeal, a conditional writ is all that is required).[8]

---

[7] In his June 30, 2016 letter to this Court, Petitioner requests permission to file civil claims he may have. (ECF No. 44 at 5.) It should be noted that any injury "remaining from those aspects of the delay that did not affect the constitutional integrity of the appeal itself is more appropriately remedied by a suit for damages." *Simmons*, 898 F.2d at 869. This Court's ruling is premised on the fact that Petitioner's appeal has already been heard. The Court's opinion does not affect Petitioner's capacity to file civil claims regarding the delay.

[8] In the petition, Petitioner additionally asks the Court to reconsider its dismissal of Petitioner's claim regarding delay in the consideration of his § 440 motion. The Court dismissed Petitioner's § 440 claim for the reasons set in its order of April 17, 2015. (ECF No. 9 at 3.) That analysis is unaffected by the current R&R and objections and therefore the Court will not reconsider its decision.

## V.     CERTIFICATE OF APPEALABILITY

In his June 30, 2016 letter to this Court, Petitioner requests that this Court issue a

certificate of appealability. (ECF No. 44 at 6.) "A [certificate of appealability] will issue only if

the requirements of § 2253 have been satisfied." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To meet the requirements, a petitioner must make "a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by

demonstrating that jurists of reason could disagree with the district court's resolution of his

constitutional claims or that jurists could conclude the issues presented are adequate to deserve

encouragement to proceed further." *United States v. Cox*, 783 F.3d 145, 149 (2d Cir. 2015)

(quoting *Miller-El*, 537 U.S. at 327). Moreover, to make a "substantial showing," the petitioner

does not need to show that he would prevail on the merits, and the requirement is satisfied "if the

issues involved in a petition are debatable among jurists of reason, could be resolved in a

different manner, or are adequate to deserve encouragement to proceed further." *Lucidore v.*

*N.Y.S. Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000) (citing *Barefoot v. Estelle*, 463 U.S. 880,

893 n.4 (1983)).

Although some of the *Barker* factors weigh in Petitioner's favor, the Court is without a

remedy to provide to Petitioner, as his appeal has been heard and he has not demonstrated such

egregious prejudice to sustain an unconditional writ or oblige this Court to bar retrial. As a result,

even if reasonable jurists could disagree as to the weighing of the *Barker* factors, no jurist could

conclude that this Court could provide Petitioner further relief on the instant petition. In other

words, the issue of whether Plaintiff is entitled to further relief is not debatable among jurists of

reason, so a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(2); *Love v.*

*McCray*, 413 F.3d 192, 195 (2d Cir. 2005); *Lozada v. United States*, 107 F.3d 1011, 1017 (2d

15

Cir. 1997), *abrogated on other grounds by United States v. Perez*, 129 F.3d 225, 259-60 (2d Cir. 1997). This court certifies pursuant to 18 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

## VI.    CONCLUSION

For the reasons stated above, this Court adopts the Report and Recommendation to the extent set forth above. The petition for a writ of habeas corpus is, therefore, DENIED without prejudice. The Clerk of Court is directed to enter judgment accordingly and close this case.

Dated:     August 2⁴ᵗʰ, 2016          SO ORDERED:
           White Plains, New York

                                        NELSON S. ROMÁN
                                        United States District Judge